# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GSC GROUP, INC., et al.,[1] | ) | Case No. 10-14653 (AJG) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**ORDER APPROVING (A) BIDDING PROCEDURES, (B) FORM AND MANNER OF NOTICE OF SALE, AND (C) PROCEDURES FOR DETERMINING CURE AMOUNTS**

Upon consideration of the motion (the "Motion")[2] of GSC Group, Inc. ("GSC Group") and certain of its direct or indirect subsidiaries and affiliates (collectively, the "Debtors") for the entry of an order (this "Order") approving, among other things: (a) bidding procedures; (b) the form and manner of notice of sale; and (c) procedures for determining cure amounts; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties-in-interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A. This Court has subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to

---

[1] The Debtors along with the last four digits of each Debtors' federal tax identification number are GSC Group, Inc. (6382), GSCP, LLC (6520), GSC Active Partners, Inc. (4896), GSCP (NJ), Inc. (3944), GSCP (NJ) Holdings, L.P. (0940), GSCP (NJ), L.P. (0785), GSC Secondary Interest Fund, LLC (6477).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures or, to the extent not defined therein, the Motion.

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

1

28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The predicates for the relief granted hereby are sections 105(a), 363(b) and (f), 364, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. Proper and adequate notice of the Motion was given to the Notice Parties (as defined below), such notice was sufficient in light of the circumstances and the nature of the relief requested herein and no other or further notice is necessary.

D. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

E. The Sale Notice (attached hereto as Exhibit A) is reasonably calculated to provide interested parties with timely and proper notice of the Sale, Auction and Sale Hearing.

F. The Assignment and Cure Notice (attached hereto as Exhibit B) is reasonably calculated to provide counterparties (each a "Contract Party") to the contracts to be assigned in the Sale (the "Executory Contracts") and the Consent Parties (as defined below), as applicable, with timely and proper notice of the potential assumption and assignment of their executory contract and any cure amounts relating thereto, and affords the Contract Parties and the Consent Parties sufficient opportunity to object to such assumption and assignment.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted, as provided herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

*Bidding Procedures*

3. The Bidding Procedures, substantially in the form attached hereto as <u>Exhibit C</u> and incorporated herein by reference, are hereby authorized and approved in their entirety. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures. The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

4. The Debtors (a) may determine in their sole discretion which Qualified Bid, or combination of Qualified Bids, is the highest or otherwise best offer for the Assets (each a "<u>Successful Bid</u>"), and (b) may reject, at any time prior to the Court's approval of a bid, without liability, any bid that the Debtors determine in their sole discretion is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Bankruptcy Court for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors or their estates; provided, however, that any credit bid or cash bid from the Agent or any Lender shall be a Qualified Bid.

*Cure Procedures*

5. The Cure Procedures, as set forth in the Assignment and Cure Notice, are hereby approved.

*Notice of Sale*

6. Notice of the Sale shall be good and sufficient, and no other or further notice shall be required, if, within five (5) days of the entry of this Order, the Debtors (or their agent) shall:

> (a) Serve by email, facsimile or first class mail, postage prepaid, copies of (i) this Order (without attachments), (ii) the Bidding Procedures (without attachments), and (iii) the Sale Notice upon the following entities (collectively, the "<u>Notice Parties</u>"): the Office of the United States Trustee for Region 2, serving the Southern District of New York, counsel to the agent under the Debtors' prepetition secured credit facility, the

creditors (excluding insiders) holding unsecured claims on a consolidated basis against the Debtors, the Internal Revenue Service, the United States Securities and Exchange Commission, the United States Attorney's Office, the United States Attorney General, the New York State Attorney General, the New York State Taxing Authority, the New York City Taxing Authority, all other taxing authorities having jurisdiction over any of the Assets, counsel to certain of the Debtors' limited partners, all parties that have requested special notice pursuant to Bankruptcy Rule 2002, all persons or entities known to the Debtors that have or have asserted a lien on, or security interest in, all or any portion of the Assets, all Contract Parties, and all potential bidders previously identified or otherwise known to the Debtors;

(b) Publish a notice, substantially in the form of the Sale Notice, in the National Edition of the *Wall Street Journal* and such other publications as the Debtors and their advisors determine will promote the marketing and sale of the Assets to other interested parties whose identities are unknown to the Debtors; and

(c) Publish a notice, substantially in the form of the Sale Notice, on the website of the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions LLC, at http://dm.epiq11.com/GSC.

7. Within two (2) business days after the conclusion of the Auction, the Debtors shall serve on each Contract Party and any Consent Party (as defined below), by email, mail, facsimile or overnight delivery service, a copy of this Order and an Assignment and Cure Notice, if applicable, notifying such party of the proposed assumption and assignment of the Executory Contract to the Successful Bidder(s). The Assignment and Cure Notice shall inform parties of the Debtors' calculation of the cure amount (the "Cure Amount"), if any, for each Executory Contract.

8. The transfer of certain of the Debtors' assets, including the Debtors' rights under the Executory Contracts, may, under the operative agreements or applicable law, require the consent of certain third parties, including, but not limited to, investors in certain funds managed by the Debtors (the "Consent Parties"). Any of the Consent Parties, including the Contract Party to an Executory Contract, if applicable, shall file and serve on the Debtors any objections to (a) the proposed assumption and assignment of an Executory Contract to the Successful Bidder(s) (and must state in its objection, with specificity, the legal and factual basis of its objection) and

4

29089203.DOCX

(b) if applicable, the proposed Cure Amount (and must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof), before the earlier to occur of (i) fifteen (15) days following service of the Assignment and Cure Notice, or (ii) two (2) business days prior to the Sale Hearing (the "<u>Contract Objection Deadline</u>").  If no objection is timely received from the requisite number of Consent Parties under the applicable Executory Contract, (x) the Consent Parties, if any, shall be deemed to have consented to the assumption and assignment of the Executory Contract to the Successful Bidder(s) and shall be forever barred from asserting any objection with regard to such assumption or assignment, and (y) the Cure Amount set forth in the Assignment and Cure Notice shall be controlling, in each case notwithstanding any terms in the Executory Contracts, or any other document, requiring an affirmative consent from the Consent Parties.

*Auction*

9. In the event that the Debtors receive one or more Qualified Bids by the Bid Deadline, the Debtors shall conduct an Auction with respect to the Assets.  The Auction will take place starting on October 7, 2010, at 10:00 a.m. (prevailing Eastern Time) at Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022, or at such other place, date and time as may be designated, from time to time, in writing by the Debtors.

*Sale Hearing*

10. The Sale Hearing will commence on October 22, 2010, at [__]:00 [a.m./p.m.] (prevailing Eastern Time), at which time the Court shall consider the approval of the proposed sale or sales , approve the Successful Bidder(s), and confirm the results of the Auction, if any.

*Objection Deadline*

11. **On or before October 20, 2010 at ____ p.m. (prevailing Eastern time) (the "<u>Sale Objection Deadline</u>")**, objections, if any, to the relief requested in the Sale Motion

5

(excluding for purposes hereof the relief granted in this Order) must: (a) be in writing and filed with this Court; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; and (c) be served upon the Debtors and the Notice Parties so as to be **received** on or before the Sale Objection Deadline.

12. The failure of any objecting person or entity to file and serve an objection to the Motion by the Sale Objection Deadline shall be a bar to the assertion by any creditor, Contract Party, Consent Party, and/or other party in interest in these chapter 11 cases, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, or the Debtors' consummation and performance of the Sale (including, without limitation, transfer of the Assets and the Executory Contracts).

*Authorization and Miscellaneous*

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. This Order shall be binding on the Debtors and their successors, including, without limitation, any affiliate of the Debtors that becomes subject to a bankruptcy or insolvency proceeding following entry of this Order. In the event that any affiliate of the Debtors becomes subject to any proceeding under the Bankruptcy Code following entry of this Order, such debtor or any successor shall be authorized and directed to comply with the Bidding Procedures without further order of the Court.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of this Order and the Bidding Procedures. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

Date: _____, 2010

                                                SO ORDERED:

                                                _____
                                                United States Bankruptcy Judge