Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Lara Sheikh

Conflicts Counsel to the Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: :
: Chapter 11
GSC GROUP, INC., *et al.*,[1] : Case No. 10-14653 (AJG)
:
: (Jointly Administered)
Debtors. :
---------------------------------------------------------------x

### STIPULATION AND ORDER BETWEEN THE CHAPTER 11
### TRUSTEE AND JANET DUDDY TO MODIFY THE AUTOMATIC STAY

**WHEREAS,** on August 31, 2010 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on January 5, 2011, the Bankruptcy Court issued a bench ruling in which, among other things, it found cause under section 1104(a)(2) of the Bankruptcy Code for the immediate appointment of a chapter 11 trustee, and directed the appointment of a chapter 11 trustee; and

---

[1] The Debtors along with the last four digits of each Debtor's federal tax identification number are GSC Group, Inc. (6382), GSCP, LLC (6520), GSC Active Partners, Inc. (4896), GSCP (NJ), Inc. (3944), GSCP (NJ) Holdings, L.P. (0940), GSCP (NJ), L.P. (0785), and GSC Secondary Interest Fund, LLC (6477).

**WHEREAS,** on January 7, 2011, the Office of the United States Trustee filed its Notice of Appointment of Chapter 11 Trustee [Docket No. 379]. On the same day, the Court entered an Order Approving Appointment of Chapter 11 Trustee [Docket No. 382]; and

**WHEREAS**, James L. Garrity, Jr. is the Chapter 11 Trustee (the "Trustee"), of the Debtors; and

**WHEREAS**, prior to the Petition Date, Janet Duddy ("Ms. Duddy") commenced an action against GSC Group, Inc., one of the Debtors, and others in the Superior Court of New Jersey, Law Division, Civil Part, Morris County (the "State Court") [Docket No. MRS-L-1133-10] (the "Action"), containing allegations that Ms. Duddy was discriminated against on the basis of her gender, was subjected to sexual harassment, was subject to retaliation and was wrongfully terminated, all prior to the Petition Date; and

**WHEREAS**, on or about April 27, 2011, Ms. Duddy filed a motion for relief from automatic stay in the Bankruptcy Court to continue the Action against the Debtors [Docket No. 487] (the "Stay Relief Motion"); and

**WHEREAS**, the Debtors maintain employment practices liability insurance through Lexington Insurance Company that covers claims of the nature asserted in the Action (the "Insurance Policy")

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Trustee and Ms. Duddy as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. The automatic stay imposed by the Debtors' Chapter 11 cases pursuant to Section 362(a) of the Bankruptcy Code is hereby modified for the limited purpose of allowing Ms. Duddy to litigate the Action in the State Court.

3. Any recovery in favor of Ms. Duddy on account of the Action against the Debtors shall be paid solely from proceeds available pursuant to the Insurance Policy, and payment of any settlement or judgment granted in connection with the Action as against the Debtors shall be subject to the available limits of insurance coverage provided for under the Insurance Policy subject to all terms and conditions of the Policy.

4. Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the parties in the Action or in any other action or proceeding other than one to enforce the terms of this Stipulation.

5. Each person who executes this Stipulation by or on behalf of each respective party warrants and represents that he has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such party.

6. This Stipulation shall be binding upon the parties hereto as of the date of execution subject only to the entry of this Stipulation as an Order of the Bankruptcy Court.

7. This Stipulation may be executed in any number of counterparts each of which shall be deemed an original, but all of which taken together shall constitute one in the same instrument, with facsimile and .pdf signature pages deemed to be originals.

8. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: August 26, 2011
      New York, New York

JAMES L. GARRITY, JR., AS CHAPTER 11 TRUSTEE,
By his Counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/Neil Berger
NEIL BERGER
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10019
(212) 594-5000

Dated: August 17, 2011
      Nutley, New Jersey

PIRO, ZINNA, CIFELLI,
  PARIS & GENITEMPO, P.C.
Attorneys for Janet Duddy
By:

/s/Alan Genitempo
ALAN GENITEMPO, ESQ.
360 Passaic Avenue
Nutley, New Jersey 07110
(973) 661-0710

SO ORDERED:

This 29th day of August, 2011
in New York, New York

**s/Arthur J. Gonzalez**
HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE

4