# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 333 SOUTH GRAND AVENUE | MOSCOW |
| CHARLOTTE | LOS ANGELES, CALIFORNIA 90071 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (213) 615-1700 | PARIS |
| HONG KONG | FACSIMILE +1 (213) 615-1750 | SAN FRANCISCO |
| HOUSTON | | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, D.C. |
| LOS ANGELES | | |

June 8, 2012

ROLF S. WOOLNER
(213) 615-1831
rwoolner@winston.com

Hon. Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Courtroom 610
New York, NY 10004-1408

Re: In re: GSC Group Inc., et al.; Case No. 10-14653 (SCC)
Capstone Advisory Group, LLC's Amended
Performance Fee Motion [Docket No. 1412]

Dear Judge Chapman:

On behalf of Black Diamond Capital Management, L.L.C. and GSC Acquisition Holdings, LLC (collectively, "Black Diamond") and after consultation with counsel to the United States Trustee and counsel to creditors Thomas Libassi, Philip Raygorodetsky, Seth Katzenstein and Nicholas Petrusic (collectively with Black Diamond, the "Objecting Parties"), we write to bring to the Court's attention a legal issue that has arisen in the course of discovery. The Objecting Parties believe this issue may materially affect the June 13, 2012 hearing on Capstone Advisory Group, LLC ("Capstone") Amended Performance Fee Motion (the "Motion") as well as Capstone's final fee application.

The issue concerns section 504 of the Bankruptcy Code and, as discussed below, could affect the Capstone request for a success fee or any other fee. The Objecting Parties respectfully request that the Court address this issue as a threshold matter in advance of any evidentiary hearing on the merits of the Motion. That could avoid the potentially unnecessary expenditure of judicial and the parties' resources in connection with a full-blown evidentiary hearing.

To summarize the issue, although Capstone previously represented to the Court that it had no agreement with any other entity to share any compensation it received in connection with these cases, discovery has revealed that in fact Capstone had, throughout its engagement, an undisclosed fee-sharing agreement with an entity owned by Mr. Manzo known as RJM, LLC.

CHI:2658035.8

WINSTON & STRAWN LLP

June 8, 2012
Page 2

This agreement, which was amended from time to time, required Capstone (a) to share with RJM, LLC 80% or more of the hourly fees Capstone billed to the Debtors for Mr. Manzo's time; (b) to share with RJM, LLC 15.5% of the net revenue from hourly fees Capstone billed to the Debtors for the time of Capstone employees and a portion of growth in its business; and (c) to share with RJM, LLC 60% of any success fee or bonus that the Court might award to Capstone on the Motion. A copy of the agreement as produced by Capstone to the Objecting Parties will be delivered separately to chambers for *in camera* review.

Although Capstone previously disclosed the existence of RJM, LLC in connection with its application at the outset of its engagement, it mischaracterized the relationship between RJM, LLC and Capstone, thereby concealing any section 504 issue. In particular, Capstone represented to the Court that Mr. Manzo, through RJM, LLC, was "an employee of Capstone" and that he worked exclusively for Capstone. *See* Second Supplemental Declaration of Edwin Ordway dated October 6, 2010 at ¶ 15 [Docket No. 148]. Neither part of that representation was true. The agreement between Capstone and RJM, LLC and testimony from Mr. Manzo establish that Mr. Manzo never was a Capstone employee or principal and that he and RJM, LLC were free to and actually did work for other entities besides Capstone. Notwithstanding the description of Mr. Manzo in bills and on Capstone's website as an "Executive Director" of Capstone, in fact RJM, LLC was an independent contractor. The misrepresentation is significant because fee-sharing with independent contractors such as RJM, LLC is not permitted.

Although RJM, LLC performed services for the Debtors and the chapter 11 Trustee (services that until now were understood to have been performed by Mr. Manzo as an employee of Capstone), RJM, LLC was never retained either by the Debtors or by the Trustee. Nor has RJM, LLC ever made any of the necessary disclosures that are a prerequisite to its receiving compensation from the estate.

Given the impact this previously unanticipated gating issue under sections 327(a) and 504 of the Bankruptcy Code could have on the June 13 hearing on the Motion, as well as on Capstone's final fee application, and the potential disgorgement of fees already paid, the Objecting Parties respectfully request (a) that the Court hear legal argument on Wednesday, June 13, as to the effect of Capstone's violation of section 504 on its Motion and (b) continue any evidentiary hearing on the remaining issues relating to the Motion until such time as the Court hears

CHI:2658035.8

WINSTON & STRAWN LLP

June 8, 2012
Page 3

Capstone's final fee application. The Objecting Parties further ask that Your Honor schedule a conference with the parties to address how best to deal with this issue procedurally.

Respectfully yours,

Rolf S. Woolner

cc: (via email)
Randall Martin, Esq.
Steven J. Mandelsberg, Esq.
Jonathan M. Proman, Esq.
Andrea B. Schwartz, Esq.
Andrew V. Tenzer, Esq.
Hon. James L. Garrity (Ret.)
Michael Friedman, Esq.
David Daniels, Esq.
Keith Sambur, Esq.
Samuel Goldfarb, Esq.
Gregory M. Gartland, Esq.
Daniel J. McGuire, Esq.

CHI:2658035.8