Aaron Rubinstein
Jeffrey A. Fuisz
Angela R. Vicari
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Scott L. Hazan
David M. Posner
OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100

Hearing Date:  April 22, 2013 at 10:00 am

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| GSC GROUP, INC. | ) | Case No. 10-14653 (SCC) |
| Debtors. | ) |  |

**RESPONSE OF KAYE SCHOLER LLP TO UNITED STATES TRUSTEE'S POSITION STATEMENT CONCERNING U.S TRUSTEE VACATURE/DISGORGEMENT MOTION AND SETTLEMENT MOTIONS**

Kaye Scholer[1] submits this response to the United States Trustee's Position Statement Concerning U.S. Trustee Vacature/Disgorgement Motion and Settlement Motions ("Position Statement") [ECF No. 1705].

1. In its Position Statement, the U.S. Trustee urges the Court to approve the Kaye Scholer Settlement. Kaye Scholer agrees with the U.S. Trustee for the reasons set forth in its joinder in the Settlement Approval Motion [ECF No. 1665] and its response to Black Diamond's

---

[1] All capitalized terms have the same meanings given to them in Kaye Scholer's joinder in the UST's Settlement Approval Motion [ECF No. 1665].

61197243.DOCX

Limited Objection and Supplemental Statement. Kaye Scholer intends and desires to go forward with all the terms of the Settlement Agreement, including those providing for non-monetary relief, if the Court in dealing with Black Diamond's Limited Objection and Supplemental Statement, prior to the April 22, 2013 hearing, resolves all the alleged claims against Kaye Scholer and approves Kaye Scholer's Final Fee Application consistent with the terms of the Settlement Agreement. In that event, Kaye Scholer will honor its contractual commitments to the U.S. Trustee and all other parties to the Settlement Agreement.

2. If, on the other hand, all claims against Kaye Scholer arising out of the GSC Group matter, including Black Diamond's alleged breach of fiduciary duty claim, are not resolved and Black Diamond or another party is permitted to assert claims against Kaye Scholer at some future point, including at the hearing scheduled for April 22, 2013, then that will impose additional burdens on Kaye Scholer that were to be eliminated under the Settlement Agreement, the conditions of the Settlement Agreement will not have been met, and Kaye Scholer will be relieved of any obligation under the Settlement Agreement. In that event, Kaye Scholer will defend itself vigorously against claims asserted by all parties and will argue to the Court that no relief is warranted against Kaye Scholer under the circumstances of this case.

3. In the Position Statement, the U.S. Trustee also seeks to amend the UST Motion to seek non-monetary relief in the event the claims asserted against Kaye Scholer in the UST Motion are not resolved through the Settlement Agreement. Position Statement at 7-10. If the Court approves the Settlement Agreement and Kaye Scholer's Final Fee Application, the U.S. Trustee's request for amended relief will become moot as to Kaye Scholer. However, should the Settlement Agreement be terminated, requiring the Court to address the claims against Kaye Scholer, as explained below, even assuming any relief were appropriate, the Court should reject

the U.S. Trustee's request, which is not only untimely, but also is without precedent and not authorized by any provision of the Bankruptcy Code.

### A.    The U.S. Trustee's Proposed Amendment Is Untimely

4.    The Court's allowance of an amendment to the UST Motion should not fairly be read to permit, three months after the UST Motion was filed and issue was joined and on the eve of the hearing, the U.S. Trustee to seek relief not included within the relief originally requested. Rather, the Court's allowance of an amendment to the UST Motion should be read to permit the U.S. Trustee to reduce the dollar amount of relief sought to that sought in the Settlement Agreement (or some other amount less than the amount sought in the UST Motion). In other words, at this late stage, the U.S. Trustee should be limited to relief subsumed within the relief sought in the UST Motion as originally filed.

### B.    The Non-Monetary Relief That The U.S. Trustee Seeks Is Unavailable

5.    The non-monetary relief that the U.S. Trustee seeks goes beyond the relief to which Kaye Scholer agreed in the Settlement Agreement. In the Settlement Agreement, Kaye Scholer voluntarily agreed to review certain of its policies and practices, retain an independent expert to assist in that process and undertake certain procedures. That relief was part of a contract between Kaye Scholer, the U.S. Trustee and other parties that would be enforceable in the event of breach like any other contract. Kaye Scholer did not agree to Court-ordered "nationwide injunctive relief enforceable through contempt" or some other potential remedy for violation of a Court order. Position Statement at 6.

6.    The U.S. Trustee has not cited a single case in which a bankruptcy court has ordered non-monetary relief remotely resembling what she seeks in these cases and Kaye Scholer is not aware of any such case. The only cases that the U.S. Trustee cites stand for the

proposition that the Court can approve "settlements between the United States Trustee and other parties, which provide that the court retains jurisdiction to enforce the settlement." Position Statement at 6; *see* U.S. Trustee's Supplemental Statement in Support of Settlement Approval Motion ("UST Supplemental Statement") [ECF No. 1663] at 6-7 (discussing authority of Court to approve settlements). Kaye Scholer agrees with that proposition. But those cases provide no support for the Court's power to ***order*** the type of non-monetary relief that the U.S. Trustee seeks absent agreement of the parties.

7. Nor has the U.S. Trustee cited any statutory authority that would authorize the Court to order the non-monetary relief that she seeks. The U.S. Trustee refers to 11 U.S.C. § 105(a) and the Court's inherent authority as sources of the Court's power to approve settlements. Position Statement at 5; UST Supplemental Statement at 6-7. But those sources do not authorize the Court to award the type of non-monetary relief that the U.S. Trustee seeks.

8. Section 105(a) provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As the Second Circuit has held, "'Section 105(a) limits the bankruptcy court's equitable powers, which "must and can only be exercised within the confines of the Bankruptcy Code."'" *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). As the Court explained, "[t]he equitable power conferred on the bankruptcy court by section 105(a) is the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise do the right thing." *Id.* (emphasis in original). In other words, an "'exercise of section 105 power [must] be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective.'" *Id.* (citation omitted). Significantly,

Section 105 "does not 'authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.'" *Id.* (citation omitted); *accord In re Kalikow*, 602 F.3d 82, 97 (2d Cir. 2010) ("'§ 105 does not itself create a private right of action, but a court may invoke § 105(a) if the equitable remedy *utilized* is demonstrably necessary to preserve a right elsewhere provided in the Code . . . .'" (citation omitted, emphasis in original)).

9.      The U.S. Trustee does not identify any other provision of the Bankruptcy Code that authorizes the relief she seeks, much less contend that the relief is "demonstrably necessary to preserve a right elsewhere provided in the Code." *Kalikow*, 602 F.3d at 97. Rather, the U.S. Trustee contends that the relief supposedly would "prevent an ongoing and systemic abuse of the bankruptcy process in this and other bankruptcy courts" and "ensure the integrity of the bankruptcy process." Position Statement at 2, 6. Wholly apart from the fact that no such "ongoing and systemic" conduct has been alleged, such a desire to promote "a general bankruptcy concept or objective" cannot support the exercise of the Court's power under Section 105(a). *Dairy Mart*, 351 F.3d at 92. Accordingly, Section 105(a) does not authorize the Court to impose the non-monetary relief that the U.S. Trustee seeks.

10.      The Court's inherent authority also is not a license to award the non-monetary relief requested by the U.S. Trustee. The Court's inherent authority "is not a broad reservoir of power, ready at the imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *NASCO v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990), *aff'd sub nom. Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). In particular, such power can be exercised only when "'*necessary* to the exercise of all others,' and [is] 'governed not by rule or statute but by the control *necessarily* vested in courts to manage their

own affairs.'" *Id.* (citations omitted, emphasis in original). Indeed, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991); *see Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.").

11. Nothing in the non-monetary relief that the U.S. Trustee seeks is necessary to make the Court function or to manage its affairs. Accordingly, the power to award such relief is outside the Court's inherent authority.

12. In sum, research has revealed no case where a bankruptcy court in addressing violations of Bankruptcy Rule 2014 or 11 U.S.C. § 504 as alleged here has awarded non-monetary relief remotely resembling that requested by the U.S. Trustee, and the U.S. Trustee has not cited any. To the contrary, in such circumstances, "sanctions range from a denial of all fees, to a reduction of fees, to the imposition of economic sanctions." *In re Fretter, Inc.*, 219 B.R. 769, 776 (Bankr. N.D. Ohio 1998). In those cases involving egregious conduct not present here, sanctions may result in "the disallowance of fees or even disqualification." *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994).

## CONCLUSION

For the reasons set forth above and in Kaye Scholer's response to Black Diamond's Limited Objection and Supplemental Statement, the Court should grant the Settlement Approval Motion and approve Kaye Scholer's Final Fee Application consistent with the Settlement Agreement. Barring that, assuming that the claims against Kaye Scholer are not resolved by the Settlement Agreement, and even assuming any relief were appropriate, the Court should deny the U.S. Trustee's request for non-monetary relief.

Dated: New York, New York
April 15, 2013

**KAYE SCHOLER LLP**

By:<u>*/s/ Aaron Rubinstein*</u>
      Aaron Rubinstein
      Jeffrey A. Fuisz
      Angela R. Vicari
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000
Fax: (212) 836-8689
aaron.rubinstein@kayescholer.com
jeffrey.fuisz@kayescholer.com
angela.vicari@kayescholer.com

OTTERBOURG, STEINDER, HOUSTON & ROSEN, P.C.
Scott L. Hazan
David M. Posner
230 Park Avenue
New York, NY 10169
Tel: (212) 661-9100
Fax: (212) 682-6104
shazan@oshr.com
dposner@oshr.com

*Attorneys for Kaye Scholer LLP*